JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV19-07643-RGK (GJSx) | Date | October 3, 2019 |
|---|---|---|---|
| Title | ***PAUL TIPPIN et al v. UNIVERSAL TELEVISION, INC., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (not present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Remanding Action to State Court**

On September 4, 2019, Universal Television LLC ("Defendant") removed this action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In their complaint, Paul Tippin and Fred Osby, on behalf of themselves and others similarly situated, ("Plaintiffs"), seek damages for violations of the California Labor Code. In support of its removal, Defendant calculates that based on Plaintiffs' hourly rates, Mr. Osby's first claim amounts to $33,687, and Mr. Tippin's first claim amounts to $48,618.82. Defendant then asserts that in the aggregate, Mr. Osby's and Mr. Tippin's first claims alone total $82,305.81. Along with attorneys' fees, the amount in controversy well exceeds $75,000.

Upon review of Defendant's Notice, the Court finds that the amount in controversy has not been shown to exceed $75,000. First, because each plaintiff suffered a distinct injury - damages are not joint and undivided- Defendant improperly aggregates Mr. Osby's and Mr. Tippin's damages. Second,

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV19-07643-RGK (GJSx) | Date | October 3, 2019 |
|---|---|---|---|
| Title | ***PAUL TIPPIN et al v. UNIVERSAL TELEVISION, INC., et al*** | | |

although the statutes as issue authorize attorneys fees, at this point, those fees are speculative at best.[1]

     Accordingly, the Court is not satisfied that Defendant has satisfied its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

     In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                       :

Initials of Preparer

---

[1] District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.